IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VINEWOOD CAPITAL, LLC,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. **3:09-CV-2459-L** | |
| § | | |
| **SHEPPARD MULLIN RICHTER &** § | | |
| **HAMPTON LLP, et al.,** § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendants' Motion to Transfer Venue and for Partial Consolidation, filed December 31, 2009; (2) Plaintiff's Motion for Remand, filed January 25, 2010; and (3) Defendants Sheppard Mullin Richter & Hampton LLP, James J. McGuire, Tim McCarthy and Cox Smith Matthews Incorporated's Unopposed Motion to Take Judicial Notice of Judge Means'[s] Opinion and Order Granting the Motion for Declaration that Counsel is Not Subject to Disqualification, filed March 31, 2010.[1] After carefully considering the motions, record, and applicable law, the court **denies** Plaintiff's Motion for Remand, **grants in part** Defendants' Motion to Transfer Venue and for Partial Consolidation, and **grants** Defendants Sheppard Mullin Richter

---

[1] Also pending are: (1) Defendants Sheppard Mullin Richter & Hampton LLP, James J. McGuire and Tim McCarthy's Motion to Compel Arbitration, filed January 4, 2010 (doc. 5); (2) Defendants Sheppard Mullin Richter & Hampton LLP, James J. McGuire, and Tim McCarthy's Motion to Dismiss, filed January 4, 2010 (doc. 7); and (3) Defendant Cox Smith Matthews Incorporated's Motion for Judgment on the Pleadings, Motion to Dismiss for Failure to Plead Fraud with Particularity, and Motion for Expedited Proceedings, filed January 15, 2010 (doc. 15). Because the court must first determine whether it has subject matter jurisdiction before it can grant any other relief requested by the parties, it considers the motion to remand first, despite being filed after other pending motions. *Trizec Props., Inc. v. U.S. Mineral Prods. Co.*, 974 F.2d 602, 604 (5th Cir. 1992) ("Because we may not proceed without requisite jurisdiction, it is incumbent upon federal courts, trial and appellate, to examine constantly the basis of jurisdiction . . . .") (footnote omitted).

**Memorandum Opinion and Order – Page 1**

& Hampton LLP, James J. McGuire, Tim McCarthy and Cox Smith Matthews Incorporated's Unopposed Motion to Take Judicial Notice of Judge Means'[s] Opinion and Order Granting the Motion for Declaration that Counsel is Not Subject to Disqualification.

## I. Procedural and Factual History

Plaintiff Vinewood Capital, LLC ("Plaintiff" or "Vinewood") filed its Original Petition ("Petition") in the 191st Judicial District Court, Dallas County, Texas, on November 25, 2009. Plaintiff brings claims of breach of fiduciary duty and fraud against Defendants Sheppard Mullin Richter & Hampton LLP, James J. McGuire, Tim McCarthy (collectively, "Sheppard Mullin"), and Cox Smith Matthews Incorporated ("CSM") (collectively, "Defendants"). Plaintiff alleges that Defendants used confidential information obtained through an attorney-client relationship with it and used it against Vinewood.

There is another, separate lawsuit pending that is related to this case. Vinewood is also the plaintiff in a civil action pending in the Fort Worth Division of this court. *Vinewood Capital LLC v. Dar Al-Maal Al-Islami Trust, et al.*, 4:06-CV-0316-Y (the "Fort Worth action"). In the Fort Worth action, Sheppard Mullin represents Defendants, and CSM is Defendants' local counsel. On January 6, 2010, the court in that action granted a temporary stay. "This stay will serve to allow the Court to address Sheppard Mullin's alleged conflict of interest and prevent Defendants' counsel from being exposed to additional liability." Order (Jan. 6, 2010) 2. Defendants in the Fort Worth action moved for a declaration that its counsel was not subject to disqualification, and the court granted that motion on March 25, 2010.

Defendants removed this action to this court on December 28, 2009. They contend that this court has subject matter jurisdiction because both diversity and federal question jurisdiction exist.

**Memorandum Opinion and Order – Page 2**

Thereafter, a flurry of motions was filed, including a motion to transfer this action to Fort Worth, a motion to remand, a motion to compel arbitration, and motions to dismiss or for judgment on the pleadings. The court addresses first whether subject matter jurisdiction exists and then considers whether transfer to Fort Worth for possible consolidation is warranted.

**II.     Motion to Remand**

    **A.     Legal Standard – Improper Joinder**[2]

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992 (2005). In *Smallwood*, the court "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred." *Id*. at 572. Accordingly, the court uses the term "improper joinder" in this opinion. As the party wishing to invoke federal jurisdiction by alleging improper joinder, Defendants must establish that CSM was joined by Vinewood to defeat diversity of citizenship and therefore subject matter jurisdiction. Subject matter jurisdiction based on diversity of citizenship exists only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267

---

[2] Because the court finds that the improper joinder question is dispositive of the motion to remand, it does not set forth the legal standard for or address the parties' arguments relating to federal question jurisdiction.

**Memorandum Opinion and Order – Page 3**

(1806)), *cert. denied*, 541 U.S. 1073 (2004). In considering citizenship, however, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980).

To establish improper joinder, Defendants must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since Defendants do not assert fraud by Plaintiff, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted). "This possibility, however, must be reasonable, not merely theoretical." *Id*. If there is a reasonable possibility that Plaintiff can recover on any of its claims, the case must be remanded. In making this determination regarding improper joinder, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but

**Memorandum Opinion and Order – Page 4**

look[s] only for a [reasonable] possibility that [the plaintiff] may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted).

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).

### B.   Analysis

Plaintiff contends that there is no diversity jurisdiction because it and CSM are Texas entities. It argues that any contested issues of fact must be resolved in its favor and that an allegation that the claims lack merit is insufficient to find improper joinder. It argues that the Petition complies with the pleading requirements of Rule 13 of the Texas Rules of Civil Procedure and that the court must assume that its pleaded facts are true.

CSM contends that it has been improperly joined by Plaintiff to destroy federal jurisdiction. It contends that the Petition fails to adequately plead claims of breach of fiduciary duty and fraud against it and that the undisputed evidence shows that it is not reasonably possible for Vinewood to recover against it. Sheppard Mullin also argues that Vinewood has failed to plead any cause of action against CSM.

The court must consider the pleadings as set forth in the Petition at the time of removal. There are two specific references to CSM in the Petition; paragraph 7 states that CSM "is a Texas corporation based in Dallas County, Texas," and paragraph 16 states: "Vinewood's confidential information was also provided to Cox Smith who, in breach of their obligations, began to also use that information against Vinewood." The rest of the allegations in the Petition refers specifically to Sheppard Mullin or collectively to "Defendants."

### 1.    Breach of Fiduciary Duty

The court first considers Plaintiff's breach of fiduciary duty claim against CSM. Plaintiff generally alleges that Defendants had a fiduciary duty to Vinewood and that they breached that duty. Although the Petition refers to "their client," in the motion to remand, Plaintiff describes its claims as against "its former counsel and Cox Smith." Vinewood contends that the court may impute the confidential knowledge to CSM as Sheppard Mullin's co-counsel.

There is no allegation in the Petition that CSM had an attorney-client relationship with Plaintiff. More than a general allegation that CSM had "obligations" to Plaintiff and used confidential information against it, there are no other specific allegations against it individually.

Under Texas law, the elements of a breach of fiduciary duty claim are: "(1) a fiduciary relationship between the plaintiff and the defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." *Navigant Consult., Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007) (quoting *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App. – Dallas 2006, pet. denied)). The court finds that it is a close question whether Plaintiff has stated a claim against CSM for breach of fiduciary duty. In this context, Plaintiff's allegations against Defendants collectively fail to show

that a claim has been stated against CSM. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (finding improper joinder where majority of allegations was pleaded against "defendants" collectively and only pleading a single specific allegation against nondiverse defendant). Plaintiff also contends that the court should impute Sheppard Mullin's knowledge of its confidential information to CSM, its local counsel. While both sides have cited Texas cases relating to the imputation of knowledge to counsel, these cases are in the context of disqualification motions, and the difference in outcome appears to be based on differing factual scenarios.

The court need not resolve this issue, though, because under the second *Smallwood* test, the court finds that the undisputed evidence establishes that Plaintiff could not recover against CSM. In Defendants' notice of removal, they included the affidavit of M. David Bryant, Jr., who states that CSM has never had an attorney-client relationship with Vinewood and that the only information it has received about Vinewood has been in its connection with the Fort Worth action. He further states that CSM has never received any confidential or proprietary Vinewood business information.

While in its reply, Vinewood seeks additional discovery, it has been on notice of Defendants' theory of improper joinder and their evidence in support since they removed the case to this court on December 28, 2009. Vinewood did not rebut these affidavits in its motion to remand or seek discovery in its opening brief. Plaintiff offers no explanation or good cause for its failure to provide affidavits or seek discovery. Certainly, it was aware of the teachings of *Smallwood* when it filed its motion to remand in January 2010. The court finds that this affidavit provides the sort of discrete and undisputed facts – CSM has never had an attorney-client relationship with Vinewood – that would defeat Vinewood's claim that CSM breached its fiduciary duty to Vinewood created through an attorney-client relationship. The court further finds that the cases cited by Vinewood about

**Memorandum Opinion and Order – Page 7**

imputation of knowledge are inapposite in this context. Accordingly, the court determines that CSM has been improperly joined with respect to Vinewood's claim of breach of fiduciary duty.

### 2.     Fraud

The court also finds that CSM was improperly joined with respect to Vinewood's fraud claim. The pleaded allegations against CSM are even weaker with respect to the fraud claim than the breach of fiduciary duty claim, and the undisputed evidence demonstrates that CSM played no role in the settlement negotiations in which the alleged fraud occurred.

In Texas, to plead a claim for common law fraud, a plaintiff must allege: "(1) a material misrepresentation; (2) that is false; (3) made with knowledge of its falsity or recklessness as to its truth; (4) made with the intention that it should be acted upon by another party; (5) relied upon by the other party, and (6) causing injury." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 213 (5th Cir. 2009) (citations omitted). The misrepresentation alleged by Vinewood is that "the Mudaraba agreement was settled and that [Defendants] were in the process of drafting papers to effectuate that agreement." Petition ¶ 30.

The court determines that Vinewood has improperly joined CSM as a party to this claim under either *Smallwood* test. Vinewood has failed to state a claim against CSM for fraud because it alleges only that CSM used its confidential information, not that it made any false misrepresentation. Vinewood has also failed to dispute the evidence, filed with the notice of removal, that CSM's only involvement with Vinewood was the Fort Worth action and that CSM was not involved in the settlement negotiations relating to the Mudaraba dispute. Vinewood presents no evidence to dispute this and did not seek any discovery until it filed its reply brief. Accordingly, the court concludes that CSM was improperly joined for this claim.

**Memorandum Opinion and Order – Page 8**

**III.    Motion to Transfer**

Defendants move to transfer this civil action to the Fort Worth Division of this court and to consolidate this case with the Fort Worth action. Plaintiff, in its response, states: "[t]o the extent the Court denies the Motion to Remand, Plaintiff has no true objection to transferring this suit to the Fort Worth division." It also states that it is difficult to respond to the motion to consolidate until the court has ruled on the pending motions to dismiss and to compel.

The court finds that transfer to the Fort Worth Division of this court is therefore warranted,[3] but it leaves the consolidation determination to Judge Means, who has been presiding over the Fort Worth action. Accordingly, while it will transfer this civil action to the docket of Judge Means, it will not reach Defendants' request to consolidate this case with the Fort Worth action.

**IV.    Conclusion**

For the foregoing reasons, the court **denies** Plaintiff's Motion for Remand, **grants in part** Defendants' Motion to Transfer Venue and for Partial Consolidation, and **grants** Defendants Sheppard Mullin Richter & Hampton LLP, James J. McGuire, Tim McCarthy and Cox Smith Matthews Incorporated's Unopposed Motion to Take Judicial Notice of Judge Means'[s] Opinion and Order Granting the Motion for Declaration that Counsel is Not Subject to Disqualification. The court determines that CSM was improperly joined, and therefore it has subject matter jurisdiction over this civil action. The court hereby **transfers** this civil action to the docket of the Honorable Terry R. Means in the Fort Worth Division of the Northern District of Texas for possible consolidation with *Vinewood Capital LLC v. Dar Al-Maal Al-Islami Trust, et al.*, 4:06-CV-0316-Y.

---

[3] In addition to the position of the parties regarding transfer, the court has considered the eight factors under *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004), and is convinced that a majority of the factors weighs in favor of a transfer and that such a transfer is "[f]or the convenience of [the] parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

**Memorandum Opinion and Order – Page 9**

**It is so ordered** this 2nd day of April, 2010.

_____
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 10**